UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61043-Civ-MARRA/MATTHEWMAN

VALERIE E. HITCHMAN,

    Plaintiff,
v.

NATIONAL ENTERPRISE
SYSTEMS, INC.,

    Defendant.
_____/

## ORDER AND OPINION

THIS CAUSE is before the Court upon the Motion for Summary Judgment of Defendant, National Enterprise Systems, Inc. [DE 24] and Plaintiff's Motion for Partial Summary Judgment [DE 27]. The Court has carefully considered the motions, responses, replies, notices of supplemental authority, and is otherwise fully advised in the premises.

**Introduction**

Valerie E. Hitchman ("Plaintiff") brings suit against National Enterprises Systems, Inc. ("Defendant") asserting violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), codified at 47 U.S.C. § 277(b) *et seq.*, based on Defendant's collection communications with Plaintiff. Plaintiff moves for entry of partial summary judgment on the basis that Defendant violated the TCPA by placing calls to Plaintiff's cellular telephone using an automated telephone dialing system after she had orally revoked any such consent. On the other hand, Defendant moves

for entry of summary judgment in its favor asserting that because Plaintiff voluntarily furnished her cellular telephone number to the original creditor when she applied for the subject credit card, she gave her express permission to be contacted at that number, and she never effectively revoked that consent.

**Undisputed Material Facts**

The facts of this case are simple and relatively straight forward:

1. Plaintiff's cellular telephone number is ###-###-3609 ("-3609").

2. Plaintiff expressly consented to be called on her cellular telephone when she provided her cellular telephone number on four separate pages of an HSBC Card Services, Inc. credit card application in 2002.

3. Plaintiff did not identify the -3609 number as a cellular telephone number in the credit card application, instead providing it in the spaces for her "home" phone.  Ex. A at 9, 10, 17, 25, 26, 31, Ex. 1.

4. There is no indication on any of the pages listing the -3609 number that Plaintiff notified HSBC that she did not want to be contacted at that number, and there is no noted limitation regarding the use of that telephone number to contact Plaintiff about outstanding debts.

5. When Arrow Financial (as successor to HSBC) placed Plaintiff's debt with Defendant for collection, the -3609 telephone number was included with the account information and uploaded to Defendant's system as Plaintiff's home telephone number.

6. Defendant telephoned -3609 a total of 87 times, all of which occurred between June 24, 2008 and February 21, 2013.  The foregoing 87 calls were placed in an effort to collect a credit card debt originally due HSBC.  Each of the 87 calls were placed with an automatic telephone dialing system as defined by the TCPA.  DE 18, Joint Stipulation as to Facts.

7. Plaintiff testified in her deposition that she **orally revoked her consent** directly to HSBC by telling HSBC to stop calling her cellular telephone.  DE 29.

8. Plaintiff **never revoked her consent in writing** to HSBC or Defendant at any time.

## Standard of Review

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The court should view the evidence and any inferences that may be drawn from it in the light most favorable to the non-movant.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

**Discussion**

The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls. *Mims v. Arrow Fin. Servs., LLC*, – U.S. –, 132 S.Ct. 740, 745 (2012). The TCPA makes it "unlawful for any person within the United States ... to make a call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system ... to any telephone number assigned to a ... cellular telephone service ... for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A). The TCPA creates a private right of action for persons affected by violations of its provisions and authorizes an award of $500.00 in statutory damages for each violation and the possibility of treble damages. 47 U.S.C. § 227(b)(3).

The TCPA is silent on whether a consumer may revoke previously-granted consent to receive calls on her cellular telephone. It is clear under the statute that damages cannot be awarded if the caller has the "prior express consent of the called party." *See Munro v. King Broad. Co.*, C13-1308JLR, 2013 WL 6185233, *2 (W.D. Wash. Nov. 26, 2013) citing 47 U.S.C. § 227(b)(1)(A). The Eleventh Circuit has not addressed the issue of revocation of prior express consent (by written or oral instruction) under the TCPA. District Courts grappling with the issue have come out with varying conclusions, including that consent may never be revoked, that consent may be revoked but only by a writing, and that consent may be revoked either in writing or orally.

It appears a majority of courts conclude that consent may be revoked under the TCPA, and that if messages continue after consent is revoked, those messages violate the TCPA.  See, e.g., *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 268-272 (3d Cir. 2013) ("the TCPA's silence as to revocation should not be seen as limiting a consumer's right to revoke prior express consent. Instead, we view the silence in the statute as evidence that the right to revoke exists"); *Legg v. Voice Media Grp., Inc.*, 13-62044-CIV, 2014 WL 29594, *3 (S.D. Fla. Jan. 3, 2014) (denying motion to dismiss because Plaintiff sufficiently pled that he revoked his consent to receive text messages from Defendant); *Beal v. Wyndham Vacation Resorts, Inc.*, 956 F. Supp. 2d 962, 977 (W.D. Wis. 2013) ("consumers can revoke their consent to receive autodialer calls under the Telephone Consumer Protection Act and may do so orally"); *Adamcik v. Credit Control Servs., Inc.*, 832 F. Supp. 2d 744, 749 (W.D. Tex. 2011) (relying on common law principles to conclude that consumers may revoke consent to receive autodialer calls under the TCPA and that they may do so orally or in writing); *Moore v. Firstsource Advantage, LLC,* No. 07-CV-770, 2011 WL 4345703, at *11-12 (W.D.N.Y. Sept.15, 2011) (oral request to cease making autodialer calls ineffective, written revocation required under the TCPA); *Sengenberger v. Credit Control Servs., Inc.*, No. 09 C 2796, 2010 WL 1791270, at *4 (N.D. Ill. May 5, 2010) (because consent revoked in writing, all calls made after that were violative of the TCPA); *Munro v. King Broad.*

*Co.*, C13-1308JLR, 2013 WL 6185233, *3 (W.D. Wash. Nov. 26, 2013);[1] *Gutierrez v. Barclays Group*, 2011 WL 579238 (S.D. Cal. 2011) (a consumer can revoke consent given under the TCPA orally or in writing because the statute does not require revocation to be in writing).

Plaintiff alleges that she orally revoked consent to the original creditor, HSBC, while the debt was still in the hands of the original creditor. Thus, Plaintiff asserts, there was no consent to automated calls associated with the debt when the original creditor sold the debt to Defendant's client, on whose behalf it placed the calls.

---

[1] "The courts that have reached this conclusion have done so for several key reasons. First, the term 'consent' must be read to incorporate its common law meaning absent Congressional indication to the contrary, and at common law consent may be revoked. *See, e.g., Gager*, 727 F.3d at 270–71 (citing *Neder v. United States*, 527 U.S. 1, 21 (1999) ("[W]here Congress uses terms that have accumulated settled meaning under ... the common law, a court must infer, unless the statute otherwise dictates, that Congress means to incorporate the established meaning of these terms.")); *see id.* at 271 (citing Restatement (Second) of Torts § 892A, cmt. I (1979)). Second, allowing consumers to revoke consent is 'in line with the purpose of the TCPA'; the TCPA is a remedial statute passed to protect consumers from unwanted automated telephone calls and messages and should be construed in accordance with that purpose. *Id.* at 271 (citing *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011)). Finally, this interpretation hews carefully to the FCC's decision on this issue in *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Soundbite Commc'n, Inc.*, 27 FCC Rcd. 15391 (Nov. 26, 2012). In that ruling, the FCC stated that 'consumer consent to receive ... messages is not unlimited,' and that a consumer may 'fully revoke' prior consent by transmitting an opt-out request to the sending party. *Id.* at 15397 ¶¶ 8, 11. In *Gager,* the court held that the *Soundbite* decision served as additional authority supporting its conclusion that consent can be revoked under the TCPA . *Gager*, 727 F.3d at 271–72. All of these reasons are persuasive, and the court incorporates the analysis in *Gager* and the cases that follow it herein." *Munro v. King Broad. Co.*, C13-1308JLR, 2013 WL 6185233, *3 (W.D. Wash. Nov. 26, 2013).

Defendants rely on the cases that hold that consent may not be revoked, and if it can be revoked, it must be revoked in writing.  Defendants cite to *Osorio v. State Farm Bank, FSB*, 859 F. Supp. 2d 1326 (S.D. Fla. 2012)(Middlebrooks, J.) where the Court held, as a matter of law, that verbal revocation was insufficient to revoke prior express consent under the TCPA.  *Osorio*, 859 F. Supp. 2d at 1331.[2]  Defendants also urge the Court to adopt the reasoning of other district courts which go so far as to hold that because the TCPA does not provide for revocation of prior express consent by any means, the legislative intent of Congress in enacting the TCPA was to forbid it. *See e.g., Saunders v. NCO Fin. Sys., Inc.*, 910 F. Supp. 2d 464, 469 (E.D. N.Y. 2012); *Kenny v. Mercantile Adjustment Bureau, LLC*, 10-CV-1010, 2013 WL 1855782, *7 (W.D. N.Y. May 1, 2013) ("there is no provision in the TCPA, unlike the FDCPA . . . that allows withdrawal of a voluntarily-given, prior express consent to call a cell phone number").

Because the TCPA is a consumer protection statute that is remedial in nature, this Court is inclined to align with the Third Circuit and construe the TCPA liberally in favor of consumers.  *Gager*, 727 F.3d at 271; *accord Carmichael v. Nissan Motor*

---

[2]  The Court found persuasive the reasoning of the district courts in the Western District of New York.  *See, e.g., Starkey v. Firstsource Advantage, L.L.C.*, No. 07–CV–662A, 2010 WL 2541756 (W.D. N.Y. Mar. 11, 2010) (Congress clearly stated debt collection efforts are governed by the FDCPA, and the FDCPA does not recognize verbal revocations); *see also Moltz v. Firstsource Advantage, LLC,* Case No. 08–CV–239S, 2011 WL 3360010, (W.D. N.Y. Aug. 3, 2011); *see also Moore v. Firstsource Advantage, LLC*, No. 07–CV–770, 2011 WL 4345703, at *11 (W.D. N.Y. Sept. 15, 2011).

*Acceptance Corp.*, 291 F.3d 1278, 1280 (11th Cir. 2002) (per curiam) ("Like the TILA, the CLA is a consumer protection statute which 'is remedial in nature and therefore must be construed liberally in order to best serve Congress' intent.'"); *Legg v. Voice Media Grp., Inc.*, 13-62044-CIV, 2014 WL 29594, *3 (S.D. Fla. Jan. 3, 2014). This means that if Plaintiff can establish that she revoked consent, Defendant would be liable under the TCPA for any calls made subsequent to that revocation. This Court finds that genuine issues of material fact exist as to whether Plaintiff actually revoked her consent. As a result, neither party is entitled to summary judgment. Therefore, this case must be placed back on track for trial. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion for Summary Judgment of Defendant, National Enterprise Systems, Inc. [DE 24] is DENIED and Plaintiff's Motion for Partial Summary Judgment [DE 27] is DENIED. The parties are instructed to confer and submit within 14 days from the date of this order, an updated joint scheduling report for the remaining pretrial deadlines that must be reset so that this case may move forward and be set for trial.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of March, 2014.

_____
KENNETH A. MARRA
United States District Judge